**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000498
01-AUG-2012
10:57 AM**

NO. CAAP-12-0000498

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


MR. SANDMAN INC., a Hawai'i corporation, ROBERT L. FREEMAN,
Individually, Plaintiffs-Appellants,
and
RANDALL W. WONG, Individually, dba TLC Motorcycle Repair,
The SOLARY CORPORATION, a Hawai'i corporation dba Inter-Island
Solar Supply, et al., Plaintiffs-Appellees,
v.
CITY & COUNTY OF HONOLULU, a Hawai'i municipal corporation,
Defendant-Appellee,
and
John Does 1-100, Jane Does 1-100, et al., Defendants


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 05-1-2156)

ORDER DISMISSING JUNE 19, 2012 MOTION FOR LEAVE TO MOVE FOR
RELIEF OF FINAL ORDER IN THE CIRCUIT COURT,
AND ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Fujise, Presiding Judge, Reifurth and Ginoza, JJ.)

Upon review of (1) Plaintiffs-Appellants Mr. Sandman,

Inc., and Robert L. Freeman's (Appellants Mr. Sandman and

Freeman) June 19, 2012 motion for leave to move for relief of

final order in the circuit court (Motion), (2) Defendant-Appellee

City and County of Honolulu's June 25, 2012 response to

Appellants Mr. Sandman and Freeman's Motion, (3) the June 26,

2012 declaration of A. Edward Fyffe, Jr., (4) the June 26, 2012 "Certain Plaintiffs' Opposition to Appellants Mr. Sandman Inc. and Robert L. Freeman's Motion for Leave to Move for Relief of Final Order in the Circuit Court[,]" (5) Appellants Mr. Sandman and Freeman's July 2, 2012 reply memoranda in support of the Motion, and (6) the record, it appears that Appellants Mr. Sandman and Freeman's June 19, 2012 Motion is moot because this court lacks jurisdiction over Appellants Mr. Sandman and Freeman's appeal from the Honorable Patrick W. Border's April 19, 2012 "Order Granting Defendant City and County of Honolulu's Motion to Dismiss with Prejudice against Certain Plaintiffs Represented Solely by A. Edward Fyffe, Jr., Esq., for their Failure to Prosecute Their Claims; for Failure to Make Discovery; and, for Failure to Abide by the Orders of this Court" (hereinafter referred to as "the April 19, 2012 dismissal order").

Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2011) authorizes appeals to the intermediate court of appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). The supreme court has promulgated Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP), which specifically requires that "[e]very judgment shall be set forth on a separate document." HRCP Rule 58 (emphasis added). Based on this requirement under HRCP Rule 58, the supreme court has held that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to

HRCP [Rule] 58[.]" <u>Jenkins v. Cades Schutte Fleming & Wright</u>, 76 Hawai'i at 119, 869 P.2d at 1338. The separate judgment must "either resolve all claims against all parties or contain the finding necessary for certification under HRCP [Rule] 54(b)." <u>Id.</u> "An appeal from an order that is not reduced to a judgment in favor of or against the party by the time the record is filed in the supreme court will be dismissed." <u>Id.</u> at 120, 869 P.2d at 1339 (footnote omitted). Consequently, "an order disposing of a circuit court case is appealable when the order is reduced to a <u>separate</u> judgment." <u>Alford v. City and Count of Honolulu</u>, 109 Hawai'i 14, 20, 122 P.3d 809, 815 (2005) (citation omitted; emphasis added). For example, the supreme court has explained that, "[a]lthough RCCH [Rule] 12(q) [(regarding dismissal for want of prosecution)] does not mention the necessity of filing a <u>separate</u> document, HRCP [Rule] 58, as amended in 1990, expressly requires that 'every judgment be set forth on a <u>separate</u> document.'" <u>Price v. Obayashi Hawaii Corporation</u>, 81 Hawai'i 171, 176, 914 P.2d 1364, 1369 (1996) (emphases added).

The April 19, 2012 dismissal order is not a final judgment, but, instead, it is an interlocutory order. Moreover, the April 19, 2012 dismissal order is not appealable pursuant to the collateral order doctrine, because the April 19, 2012 dismissal order resolves issues that are directly related, and not collateral, to the merits of the action. <u>See Abrams v. Cades, Schutte, Fleming & Wright</u>, 88 Hawai'i 319, 322, 966 P.2d 631, 634 (1998). On July 13, 2012, the record on appeal for case number CAAP-12-0000498 was filed, at which time the record on

appeal did not contain a separate judgment that was final and appealable. Absent a separate, final and appealable judgment, this appeal is premature and we lack appellate jurisdiction.

> [J]urisdiction is the base requirement for any court considering and resolving an appeal or original action. Appellate courts, upon determining that they lack jurisdiction shall not require anything other than a dismissal of the appeal or action. Without jurisdiction, a court is not in a position to consider the case further. Thus, appellate courts have an obligation to insure that they have jurisdiction to hear and determine each case. The lack of subject matter jurisdiction can never be waived by any party at any time. Accordingly, when we perceive a jurisdictional defect in an appeal, we must, sua sponte, dismiss that appeal.

Housing Fin. and Dev. Corp. v. Castle, 79 Hawaiʻi 64, 76, 898 P.2d 576, 588 (1995) (citation, internal quotation marks, and ellipsis points omitted; emphasis added); Peterson v. Hawaii Electric Light Company, Inc., 85 Hawaiʻi 322, 326, 944 P.2d 1265, 1269 (1997), superseded on other grounds by HRS § 269-15.5 (Supp. 1999); Pele Defense Fund v. Puna Geothermal Venture, 77 Hawaiʻi 64, 69 n.10, 881 P.2d 1210, 1215 n.10 (1994). Therefore,

IT IS HEREBY ORDERED that Appellants Mr. Sandman and Freeman's June 19, 2012 Motion is dismissed, and Appeal No. CAAP-12-0000498 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawaiʻi, August 1, 2012.

Presiding Judge

Associate Judge

Associate Judge

-4-